UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AQUARION D. YARBROUGH SR., Trustee and Grantor of Family Ova Everything Incorporated Trust, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-25-613-G |
| ARVEST BANK et al., | ) ) ) |
| Defendants. | ) ) |

# ORDER

Plaintiff Aquarion D. Yarbrough Sr., appearing pro se, initiated this action on June 6, 2025. Now before the Court is Plaintiff's Emergency Motion for Immediate Relief (Doc. No. 3), filed that same date.

## I.     *Standards of Review*

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citation omitted). These four requirements apply equally to a request for a temporary restraining order (or "TRO"), such as Plaintiff seeks here, which grants relief until an application for a preliminary injunction can be heard. *See Wiechmann v. Ritter*, 44

F. App'x 346, 347 (10th Cir. 2002); *United States v. Terry*, No. CIV-19-250-SLP, 2019 WL 7753271, at *1 (W.D. Okla. Mar. 26, 2019).

Plaintiff's Motion is also governed by Rule 65 of the Federal Rules of Civil Procedure. Rule 65(b)(1) prescribes that the Court may enter a temporary restraining order without notice to the adverse party or its attorney only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B).

## II.    *Discussion*

In this action, Plaintiff alleges that he is the Trustee and Grantor of the Family Ova Everything Incorporated Trust (the "Trust") at Arvest Bank. Compl. (Doc. No. 1) at 1. Plaintiff alleges that he has submitted emergency requests to Defendant Arvest Bank for disbursement of $6,657,200 from the Trust but has not received the requested funds. Pl.'s Mot. at 2. According to Plaintiff, the trust funds are needed "for housing, debt relief, legal services, and community welfare." *Id.* Plaintiff states that the Trust "leverages three real-world assets (RWAs)," "ensuring liquidity" for the requested amount. *Id.* at 2-3.

Plaintiff claims that Defendant Arvest Bank's conduct constitutes breach of fiduciary duty and negligence under Oklahoma law. *See id.* at 3. Plaintiff also brings claims for violation of "Basel III and Federal Banking Regulations," "Gramm-Leach-Bliley Act," and the Oklahoma Consumer Protection Act. *Id.* at 3-4; Compl. at 3. Plaintiff's Emergency Motion requests "immediate disbursement of Trust funds,

discovery, an Involuntary Servitude Protection (ISP) order for service by U.S. Marshals, and full ownership takeover of Arvest Bank to prevent financial harm to American citizens." Pl.'s Mot. at 2. Plaintiff also seeks the termination of two Arvest Bank employees—Defendant "Danny" and Defendant James Cross. *See id.*

As a threshold matter, Plaintiff fails to comply with Rule 65's procedural requirements for issuance of a TRO. Plaintiff's Motion does not "certif[y] in writing" any efforts made to give notice to Defendants or state any reasons why such notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). Such a lack of compliance is itself a sufficient basis upon which to deny Plaintiff's Motion. *See Bowlds v. Turn Key Health*, No. CIV-19-726-SLP, 2020 WL 1474196, at *1 (W.D. Okla. Mar. 26, 2020).

Plaintiff also fails to satisfy Rule 65's substantive requirement that an ex parte TRO may only be issued when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Even accepting the allegations in the Complaint and Plaintiff's Motion as sworn, neither the facts supported by those statements nor what may be adduced from the documentary exhibits provided by Plaintiff demonstrates an immediate and irreparable injury. The evidence provided by Plaintiff suggests—but falls well short of clearly establishing—that the Trust exists, holds the assets described by Plaintiff, and is governed in the manner described by Plaintiff. Such evidence altogether fails to support the argument that immediate disbursement of Trust funds is needed to avoid an irreparable injury, such as Plaintiff's unadorned statement that the beneficiaries of the Trust are facing "immediate health risks." *See* Pl.'s Mot. at 6; *cf.*

*id.* at 5 (asserting that the trust funds are needed for numerous items including home and office renovations, "Leisure Funds," "QuickBooks Subscription," and "Personal Care Allowance"). And, as regards Plaintiff's request for "Monetary Damages," such relief is not the type of "*equitable* relief" that is available through the remedy of a TRO. Pl.'s Mot. at 5; *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis added); *see* Fed. R. Civ. P. 65(d)(1)(C); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993).

## CONCLUSION

Plaintiff's Emergency Motion for Immediate Relief (Doc. No. 3) therefore is DENIED.

IT IS SO ORDERED this 20th day of June, 2025.

CHARLES B. GOODWIN
United States District Judge