## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AQUARION D. YARBROUGH SR.,    )
Trustee and Grantor of Family Ova    )
Everything Incorporated Trust,    )
    )
    Plaintiff,    )
    )
v.    )    **Case No. CIV-25-613-G**
    )
ARVEST BANK et al.,    )
    )
    Defendants.    )

## ORDER

On June 6, 2025, Plaintiff Aquarion D. Yarbrough Sr., appearing pro se, initiated this lawsuit, identifying three defendants. On June 20, 2025, Plaintiff was granted leave to proceed *in forma pauperis* and provided with the requisite forms to allow, when completed and returned, service on these defendants to be made by the United States Marshals Service ("USMS"). *See* Order of June 20, 2025 (Doc. No. 4); Fed. R. Civ. P. 4(c)(3).

Plaintiff's deadline to effect service expired on September 18, 2025. Order of Oct. 6, 2025 (Doc. No. 13) at 1. Plaintiff did not, on or before that date, submit a proper proof of service or waiver of service as to any defendant. Accordingly, on October 6, 2025, the Court directed Plaintiff to show cause in writing, within 14 days, why the claims against the defendants should not be dismissed. *See id.* The Court's Order was mailed to Plaintiff at his address of record, and there is no indication that the Order was not received.

Plaintiff has not responded to the Order or shown that service has been perfected as any defendant. Nor has any defendant answered or otherwise indicated awareness of

Plaintiff's lawsuit.

A plaintiff in a federal civil lawsuit is required to have each defendant served with summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that a pro se plaintiff is "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service by the extended deadline, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action";

2

(2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no further request for additional time or assistance with service. Although Plaintiff is proceeding *in forma pauperis*, Plaintiff was informed of his ability to have service performed by the USMS and of the necessary steps to do so. *See* Order of June 20, 2025, at 2. Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of certain of Plaintiff's claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile such claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify his failure to do so. *See Smith*

*v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims alleged in

Plaintiff's Complaint (Doc. No. 1) for failure of service under Rule 4(m) of the Federal

Rules of Civil Procedure.  Plaintiff's Motions (Doc. Nos. 6, 8, 10, 11, 14, 15, 17) are

DENIED as moot in light of this determination.[1]

A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Plaintiff's Motion for Temporary Restraining Order (Doc. No. 17) is additionally subject to denial because Plaintiff fails to "certif[y] in writing any efforts made to give notice" to the defendants in this case or to "provide any reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) ("Rule 65 must be strictly complied with.").